UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAPHIA WILLIAMS, Individually and on Behalf of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COOK COUNTY, and<br>COOK COUNTY SHERIFF TOM DART,<br><br>Defendants. | No.: 18-cv-1456<br><br>Judge:<br>Magistrate Judge: |

## COMPLAINT

1. This is an action for declaratory and injunctive relief and for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

## Parties

4. Plaintiff Taphia Williams is a resident of Chicago, Illinois and is currently being detained pending trial in the Cook County Jail.

5. Defendant Cook County Sheriff Tom Dart is the duly appointed and sworn Sheriff of Cook County.

6. Defendant Dart is sued in his individual capacity and in his official capacity as the final policy maker for all relevant policies implemented at the Cook County Jail.

7. Plaintiffs join Cook County, Illinois, pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003). The operations of the Cook County Jail are ultimately the financial responsibility of Cook County.

## Facts

1. Taphia Williams was processed into the Cook County Jail on September 15, 2017 for felony criminal charges, case number: 17 CR 1491202.

2. On September 17, 2017, Ms. Williams' bond was set at $250,000-D by Judge Felice.

3. On October 31, 2017, Ms. Williams' bond was reduced by Judge O'Brien to $50,000-D with electronic monitoring as a condition of bond. This meant, that if $5,000 was posted on behalf of Ms. Williams she was to be released on electronic monitoring.

4. The Chicago Community Bond Fund ("CCBF") is a 501(c)3 organization that was incorporated in 2015. CCBF posts bond for people in Cook County who cannot afford to pay their own monetary bond.

5. At 5PM on Friday, February 26, 2018, an agent of CCBF, posted $5,000 in bond for Taphia Williams, in anticipation that she would be released from Cook County Jail and placed on Electronic Monitoring at her Uncle's home.

6. More than 60 hours after her bond had been posted, in the early afternoon of Monday, February 26, 2018, an agent of the Chicago Community Bond Fund called the records department at Cook County Jail to inquire why Ms. Williams had not yet been released. He was told that she was being held pursuant to the Defendant Dart's new policy wherein Dart was conducting his own administrative review of individuals with "serious charges" who were being released on bond to determine if he approved their release or not. He was further told that numerous individuals were on this list to be reviewed by Dart. (Ex. A.)

7. As of the time of this filing, on the evening of Monday February 26, 2018, Ms. Williams is still being detained at the Cook County Jail.

8. Recently, Defendant Dart has been quoted in the media expressing dissatisfaction with recent bond reform efforts and expressing his view that too many individuals with "serious" crimes are being released on electronic monitoring.

9. As a result of his dissatisfaction with bonds being set by Cook County Judges, Defendant Dart, as a final policy maker for Cook County Jail, instituted a new policy whereby Cook County

Correctional Administrators, at Dart's direction, would detain individuals even after their bonds are posted to conduct Dart's own "review" of bond decisions made by Cook County Judges to determine whether he felt those bond decisions were appropriate. Pursuant to this policy, when Dart determines the bonds set by Cook County Judges in various cases are not appropriate he continues to detain them after their bonds are posted in order to try to get a re-consideration of bond by a Cook County Judge.

10. In a news article posted by the Chicago Tribune on Friday February 23, 2017, for example, Defendant Dart is quoted describing his policy as follows: "Moving forward, my office will closely scrutinize all individuals who are assigned to E.M. by carefully reviewing their charges and criminal histories, a process that may take up to 48 hours," Dart wrote. "Those who are deemed to be too high a security risk to be in the community will be referred back to the court for further evaluation." (Ex. B.)

11. Dart's policy is unconstitutional in that it holds individuals in pre-trial detention, even though a Judge has set a bond and the bond has been posted, without legal justification, and because it violates separation of powers in that Dart is refusing to execute and/or effectively overruling a binding judicial order.

12. Plaintiff was detained without lawful justification in violation of her rights under the United States Constitution pursuant to Dart's unconstitutional policy.

13. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiff seeks certification of this complaint as a class action. Plaintiff seeks to represent a class consisting of: All individuals who are currently detained or in the future will be detained at the Cook County Jail, even though their bond has been posted, pursuant to Dart's new policy of conducting his own review of bond decisions made by Cook County Judges.

14. The Plaintiff Class seeks a declaration that Defendant Dart's policy and practice of failing to release individuals as ordered by Cook County Judges and of insisting on conducting his own review of bond decisions results in routine violations of class members' Fourth Amendment right to be free from unlawful seizures.

15. The Plaintiff Class also seeks an injunction ordering Defendant Dart to stop implementing his current policy and to follow the binding judicial bond orders issued by Cook County judges.

16. The proposed class is numerous. The class comprises multiple detainees who have been held or will be held in the future at county jail pursuant to Dart's policy. In just one day, according to Dart, they reviewed 11 cases where individuals were ordered to be released on electronic monitoring by a judge and only agreed to release two. http://www.chicagotribune.com/news/local/breaking/ct-met-gun-suspects-bond-court-preckwinkle-20180226-story.html.

17. Joinder of all class members is impracticable. Not only is the class numerous, but membership in the class is also constantly changing. Accordingly, the membership of the class changes on a weekly basis as individuals are arrested, detained, and released from custody.

18. There are questions of law and fact common to all class members, including but not limited to: whether or not Dart's policy of detaining individuals after bond has been posted is constitutional.

19. All individuals falling within the class definition have been subject to the same policy and practice. Given the commonality of the questions pertinent to all class members, a single injunction or declaratory judgment would provide relief to each member of the class.

20. Defendant Dart has acted and continues to act in a manner adverse to the rights of the proposed class, making final injunctive and declaratory relief appropriate with respect to the class as a whole.

21. Plaintiffs and the class they seek to represent have been directly injured by Dart's policies and practices and members of the class are currently at risk of future harm from the continuation of these policies and practices.

22. Plaintiffs will fairly and adequately represent the interests of the class and the Plaintiffs' claims are typical of the claims of all members of the proposed class.

23. Plaintiffs' counsel is experienced in civil rights litigation, including *Monell* claims, and Fourth Amendment cases and cases alleging excessive detentions. Plaintiffs' counsel will fairly and adequately represent the interests of the class.

## COUNT I

**(42 U.S.C. § 1983 Fourth Amendment Claim for Unlawful Detention)**

24. Plaintiff re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. Defendant, knowing that he had no lawful justification, caused Plaintiff to be detained violating Plaintiff's right to be free from unreasonable seizures guaranteed to her by the Fourth and Fourteenth Amendments of the United States Constitution.

26. Plaintiff was detained pursuant to Dart's unlawful policy described above.

27. Count I is brought as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant Dart has acted on grounds generally applicable to the class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole on Count I of this Complaint. Plaintiff seeks to represent a class of similarly situated individuals who are currently (or will be in the future) detained at the Cook County Jail even though their bond has been posted, pursuant to Dart's new policy of conducting his own review of bond decisions made by Cook County Judges, and seeks injunctive and declaratory relief against Defendant Dart on behalf of the class.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Issue an order certifying this action to proceed as a class pursuant to Fed. R. Civ. P. 23(b)(2);

b) Appoint the undersigned as class counsel pursuant to Fed. R. Civ. P. 23(g);

c) Enter judgment declaring that Defendant Dart's policies and practices described herein as applied to the class violate the Fourth Amendment of the U.S. Constitution;

d) Enter a preliminary and then permanent injunction prohibiting Defendant Dart from continuing the unconstitutional policies and practices identified herein;

e) Award Plaintiffs their reasonable attorneys' fees and cost pursuant to 42 U.S.C. § 1988, and other applicable law; and

f) Grant such other relief as this Court deems just and proper.

**Plaintiff demands a trial by jury on all claims.**

                                           Respectfully submitted,

                                           /s/ Sara Garber
                                           *Counsel for Plaintiff*

Sara A. Garber
Thedford Garber Law
53 West Jackson Blvd., Suite 638
Chicago, Illinois 60604
O: 312-614-0866
E: sara@thedfordgarberlaw.com
F: 312-754-8096