UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAPHIA WILLIAMS, Individually and on Behalf of those similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | No.: |
| vs. | ) ) ) | Judge: Magistrate Judge: |
| COOK COUNTY, and COOK COUNTY SHERIFF TOM DART, | ) ) ) | |
| Defendants. | ) | |

**MOTION FOR CLASS CERTIFICATION PURSUANT
TO FED. R. CIV. P. 23(B)(2) AND FOR APPOINTMENT OF CLASS COUNSEL
PURSUANT TO FED. R. CIV. P. 23(G)(1)**

Plaintiff, through counsel, respectfully request that this Court enter an order pursuant to Federal Rule of Civil Procedure 23(b)(2) certifying that this case may be maintained as a class action on behalf of all individuals who are currently detained or in the future will be detained at the Cook County Jail, even though their bond has been posted, pursuant to Dart's new policy of conducting his own review of bond decisions made by Cook County Judges. Plaintiffs further request that this Court enter an order appointing the undersigned attorneys as class counsel. In support thereof, Plaintiff states as follows:

**FACTS**

As more fully articulated in the Complaint, Plaintiff was detained by Sheriff Dart at the Cook County Jail long after her bond was posted pursuant to Dart's new policy whereby Cook County Correctional Administrators, at Dart's direction, detain individuals even after their bonds are posted to conduct Dart's own "review" of bond decisions made by Cook County Judges to determine whether he felt those bond decisions were appropriate. Pursuant to this policy, when Dart determines the bonds set by Cook County Judges in various cases are not appropriate he continues to detain them after their bonds are posted in order to try to get a re-consideration of bond by a Cook County Judge.

1

Plaintiff challenges the constitutionality of the policy under the Fourth Amendment of the United States Constitution and seeks to represent a class of all individuals who are currently or in the future will be detained in the same manner.

The Plaintiffs' claim is ideally suited to proceed as a class action under Federal Rule of Civil Procedure 23(b)(2). As set forth below, the proposed class satisfies each element of Rule 23(a) because (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the named Plaintiffs are typical of the claims of the class; and (4) the named Plaintiffs will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Moreover, this matter meets the requirements for class certification under Rule 23(b)(2) because Defendant Dart has acted in a manner that applies generally to the class as a whole, rendering class-wide injunctive and declaratory relief appropriate under Fed. R. Civ. P. 23(b)(2).

## ARGUMENT

**I. The Court Should Certify a Class Consisting of all individuals who are currently detained or in the future will be detained at the Cook County Jail, even though their bond has been posted, pursuant to Dart's new policy of conducting his own review of bond decisions made by Cook County Judges.**

For a district court to certify a class action, the named Plaintiffs and the proposed class must satisfy the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) and the requirements of at least one subsection of Rule 23(b). *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Here, because the named Plaintiff and the proposed class meet all four Rule 23(a) requirements and the requirements of Rule 23(b)(2), the class should be certified.

**A. The Proposed Class Meets All of the Requirements of Fed. R. Civ. P. 23(a) and 23(b)(2)**

**1. Numerosity**

Federal Rule of Civil Procedure 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A class "including more than 40 members" generally meets this standard. *Barragan v. Evanger's Dog and Cat Food Co.*, 259

F.R.D. 330, 333 (N.D.Ill. 2009); *Streeter v. Sheriff of Cook County*, 256 F.R.D. 609, 612 (N.D. Ill. 2012) (same); accord William B. Rubenstein, et al., Newberg on Class Actions, § 3:12 (5th ed. 2011) ("a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone.")

The proposed class easily satisfies this standard. The class comprises multiple detainees who have been held or will be held in the future at county jail pursuant to Dart's policy. In just one day, according to Dart, they reviewed 11 cases where individuals were ordered to be released on electronic monitoring by a judge and only agreed to release two. http://www.chicagotribune.com/news/local/breaking/ct-met-gun-suspects-bond-court-preckwinkle-20180226-story.html.

**2. Commonality**

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This Court has observed that a "common nucleus of operative fact is usually enough to satisfy the commonality requirement." *Rosario*, 963 F.2d at 1018; *Streeter*, 256 F.R.D. at 612 (same).

An injunctive challenge to a government policy that applies generally to all members of the class is a textbook example of a case that satisfies the commonality requirement and warrants class certification. Indeed, this Court has repeatedly recognized that "[a] class action is … an appropriate vehicle to address what is alleged to be a systemic problem." *Coleman v. County of Kane*, 196 F.R.D. 505, 507 (N.D. Ill. 2000) (finding commonality in case challenging sheriff's policy regarding bond fees); *Corey H. v. Board of Educ. of City of Chicago*, No. 92 C 3409, 2012 WL 2953217, at *7 (N.D. Ill. Jul. 19, 2012) ("Plaintiffs have attacked … systemic failures and district-wide policies that apply to every member of the certified class …"); *Olson v. Brown,* 594

F.3d 577 (7th Cir. 2010) (finding a class action was an appropriate vehicle to challenge jail policies concerning responding to grievances and opening inmates' legal mail); *Streeter v. Sheriff of Cook County*, 256 F.R.D. 609, 612–13 (N.D. Ill. 2009) (certifying class of detainees challenging the Cook County jail's strip search policy).

Here, all individuals falling within the class definition have been subject to the same policy and practice within the County Jail. Accordingly, the class members share the same legal issue: whether or not Dart's policy of detaining individuals after bond has been posted is constitutional.

### 3.     Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The standard for determining typicality is not an identity of interest between the named plaintiffs and the class, but rather a "sufficient homogeneity of interest." *Jones v. Blinziner*, 536 F. Supp. 1181, 1190 (N.D. Ind. 1982) (citing *Sosna v. Iowa*, 419 U.S. 393, 403 n.13 (1975)). "[T]he typicality requirement is liberally construed." *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 57 (N.D. Ill. 1996).

Where, as here, the named Plaintiffs' injuries arise from a generally applicable practice or policy affecting all members of the class, typicality exists even if there are factual differences in precisely how the policy was applied to each Plaintiff. *Streeter v. Sheriff of Cook County*, 256 F.R.D. 609, 612-13 (N.D. Ill. 2009) (certifying class of detainees strip searched upon entry to Cook County Jail, despite the Sheriff's argument that there were differences in the circumstances of each search "because 'the likelihood of some range of variation in how different groups of … detainees were treated does not undermine the fact that the claims of each class [member] share a common factual basis and legal theory.'"); *Areola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008)

(typicality satisfied where plaintiff was in the "same boat" as other Cook County Jail detainees who had been denied crutches); *Bullock v. Sheahan*, 225 F.R.D. 227, 230 (N.D. Ill. 2004) ("[p]otential factual differences" relating to individual searches held insufficient to defeat typicality in a jail strip search case).

In this case, the claims of the Plaintiffs are typical of the class as a whole. Accordingly, the named Plaintiffs satisfy Rule 23(a)(3)'s typicality requirement. See *Fonder v. Sheriff of Kankakee County*, No. 12-CV-2115, 2013 WL 5644754, at *6 (C.D. Ill. Oct. 15, 2013) (typicality satisfied where "Plaintiff is challenging the same strip search policy as the class he seeks to represent"); *Olson*, 284 F.R.D. at 411 (typicality satisfied where class representative and members of proposed class had their legal mail opened improperly by correctional officers).

### 4. Adequacy

Rule 23(a)(4) requires that the named Plaintiffs "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequate representation inquiry consists of two parts: "(1) the adequacy of the named plaintiffs as representatives of the proposed class' myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). As set forth below, both of these elements are met here.

#### a. Plaintiffs Are Appropriate Representatives of the Interests of the Class

The named Plaintiff will fairly and adequately protect the interests of the class. Each named Plaintiff has been subjected to a detention after bond has been posted pursuant to this policy. Plaintiff and class members have a common interest in ensuring that detainees at the county jail receive prompt release upon posting of bond. The named Plaintiff and the class members raise the same claims and seek the same relief, and the class representatives do not

have interests antagonistic to the interests of the class.[1] The named Plaintiff is committed to changing the policy and obtaining an injunction to prevent future violations of detained individuals' Fourth Amendment rights. Accordingly, Plaintiff has a strong personal stake in the proceedings that will "insure diligent and thorough prosecution of the litigation." *Rodriguez v. Swank*, 318 F. Supp. 289, 294 (N.D. Ill.1970), aff'd 403 U.S. 901 (1971).

### b. The Named Plaintiffs Have Standing to Seek Appropriate Classwide Injunctive Relief

The named Plaintiff are ideally situated to seek injunctive and declaratory relief on behalf of the class as a whole as this case falls squarely into the "inherently transitory" exception to the mootness doctrine. Courts have recognized the "inherently transitory" exception to mootness in class actions seeking injunctive relief when the "claims are live when filed but moot before the adjudication of the class certification motion," and "the composition of the claimant population is fluid, but the population as a whole retains a continuing live claim." *Thorpe v. District of Columbia*, 916 F. Supp. 2d 65, 66 (D. Columbia, 2013) citing Newberg on Class Actions §§ 2:11, 2:13; see also *Olson v. Brown*, 594 F. 3d 577, 580–81 (7th Cir. 2010) (Plaintiffs meet the elements of the "inherently transitory" exception where "it is uncertain that any member of the class would maintain a live controversy long enough for a judge to certify a class" and "there will likely be a constant class of persons suffering the deprivation complained of in the complaint."); *Sosna v. Iowa*, 419 U.S. 393, 402 n. 11 (1975) (In class action cases where the named plaintiffs' claims "become[] moot as to them before the district court can reasonably be expected to rule on a certification motion" the certification can be said to relate back to the filing of the complaint "depending upon the circumstances of the particular case and especially the

---

[1] To be clear, Plaintiffs do not seek class certification for any damages claims. While the named Plaintiff seeks damages for the injuries she suffered as a result of being detained she represents a class seeking purely declaratory and injunctive relief.

reality of the claim that otherwise the issue would evade review."); *County of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991) ("That the class was not certified until after the named plaintiffs' claims had become moot does not deprive us of jurisdiction" because "[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires" and "in such cases, the 'relation back' doctrine is properly invoked to preserve the merits of the case for judicial resolution."); *Gerstein v. Pugh*, 420 U.S. 103, 110 n. 11 (1975) (same).

The "inherently transitory" exception applies to this case. First, Plaintiff has a live claim for injunctive relief as of the filing of this motion because she is currently in custody. Second, based on the nature of the detention here it is is necessarily short and will often expire prior to the time that the court could reasonably be expected to rule on a motion to certify a class. In addition, there is a constant class of individuals being subjected to this unlawful policy. Thus, the named Plaintiff is appropriate as a class representatives because she have standing to seek injunctive relief that would protect the interests of all class members.

   **c.**  **Adequacy of Representation**

The named Plaintiff is represented by experienced civil rights counsel who is well qualified to represent the interests of the members of the class and is prepared to vigorously prosecute this case. Counsel has successfully litigated numerous 1983 civil rights cases including fourth amendment violations and also has litigated a successful Monell policy case against Cook County through trial: *Pindak v. Dart*, 10 C 6237 (N.D. Ill. 2016) (Pallmeyer, J.) (obtained a permanent injunction ordering the sheriff to properly train deputies concerning First Amendment rights). Because the named Plaintiff is prepared to vigorously pursue class-wide relief and

7

because she is represented by competent and experienced counsel, they satisfy Rule 23(a)(4)'s adequacy requirements.

### 5. Plaintiffs Satisfy Fed. R. Civ. P. 23(b)(2) Because This Case Seeks Declaratory and Injunctive Relief from Policies that Impact the Entire Proposed Class

The final requirement for class certification is that the named Plaintiffs meet the requirements of at least one of the subsections of Rule 23(b). Subsection (b)(2) requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Courts have long recognized that civil rights class actions are the paradigmatic 23(b)(2) suits, "for they seek classwide structural relief that would clearly redound equally to the benefit of each class member." *Marcera v. Chinlund*, 595 F.2d 1231, 1240 (2d Cir. 1979), vacated on other grounds, 442 U.S. 915 (1979); see also *Alliance to End Repression v. Rochford*, 565 F. 2d 975, 979 n.9 (7th Cir. 1977) ("Rule 23(b)(2) … is devoted primarily to civil rights class actions which allege violations of constitutional rights.") (citing Advisory Committee Notes to the 1966 Amendments to Rule 23.) As stated in the leading treatise on class actions:

> Rule 23(b)(2) was drafted specifically to facilitate relief in civil rights suits. Most class actions in the constitutional and civil rights areas seek primarily declaratory and injunctive relief on behalf of the class and therefore readily satisfy Rule 23(b)(2) class action criteria.

A. Conte & H. Newberg, Newberg on Class Actions § 25.20 (4th ed. 2002). Because this case seeks class-wide injunctive and declaratory relief against Dart on behalf of the class, it is appropriate for certification as a class action under Fed. R. Civ. P. 23(b)(2).

**II.     The Court Should Designate Plaintiffs' Counsel as Class Counsel Under Rule 23(g)(1)**

Federal Rule of Civil Procedure 23(g) requires that the district court appoint class counsel for any class that is certified. Fed. R. Civ. P. 23(g)(1). The attorneys appointed to serve as class counsel must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The appointed class counsel must be listed in the Court's class certification order. Fed. R. Civ. P. 23(c)(1)(B).

The Rule provides four factors for the Court to consider in appointing class counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

The undersigned attorneys satisfy each of these requirements. First, Plaintiff's counsel has worked promptly to identify and investigate the claims in this action and to timely file while the claim is ripe. Second, with regard to the second and third factors, and as set forth in §I(A)(4)(c) above, Plaintiff's counsel has significant experience in handling §1983 class actions and other complex civil rights litigation, including the very kind of claims asserted in this case. Accordingly, they are highly knowledgeable about the applicable law and are prepared to vigorously pursue relief on behalf of the class. Finally, Plaintiff's counsel have dedicated and will continue to commit substantial resources to the representation of this class. In sum, Plaintiff's counsel fully satisfy the criteria for class counsel set forth in Rule 23(g) and Plaintiff respectfully request that the Court appoint them as such.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that this Court grant the motion for class certification and appoint the undersigned attorneys as Class Counsel.

        Respectfully submitted,

        /s/ Sara Garber
*Counsel for Plaintiff*

Sara A. Garber
Thedford Garber Law
53 West Jackson Blvd., Suite 638
Chicago, Illinois 60604
O: 312-614-0866
E: sara@thedfordgarberlaw.com
F: 312-754-8096