UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAPHIA WILLIAMS, GREGORY COOPER, ) <br> JOSHUA ATWATER, MARCUS JOHNSON, ) <br> XAVIER WEBSTER, and TONY MASON, ) <br> REGINALD SIMMONS, TERRANCE ) <br> ROBINSON, AND KEVIN MCKEEVER, ) <br> Individually and on behalf of those ) <br> similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> COOK COUNTY, and ) <br> COOK COUNTY SHERIFF TOM DART, ) <br> ) <br> Defendants. ) | No.: 18-cv-1456 <br><br> Judge: Harry D. Leinenweber <br> Magistrate: M. David Weisman |

## PLAINITFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION

Plaintiffs, through counsel, respectfully submit the following reply in support of their request that this Court enter an order pursuant to Federal Rule of Civil Procedure 23(b)(2) certifying that this case may be maintained as a class action on behalf of all individuals who were detained, who are currently detained, or who in the future will be detained at the Cook County Jail after their bond has been posted and/or their conditions of bond otherwise met, pursuant to Defendant Dart's new policy of conducting his own review of bond decisions made by Cook County judges.

## INTRODUCTION

Plaintiffs' claim is ideally suited to proceed as a class action under Federal Rule of Civil Procedure 23(b)(2). As set forth below, the proposed class satisfies each element of Rule 23(a)

1

because (1) the class is sufficiently numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the named Plaintiffs are typical of the claims of the class; and (4) the named Plaintiffs will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Moreover, this matter meets the requirements for class certification under Rule 23(b)(2) because Defendant Dart has acted in a manner that applies generally to the class as a whole, rendering class-wide injunctive and declaratory relief appropriate under Fed. R. Civ. P. 23(b)(2).

## ARGUMENT

*Plaintiff's Proposed Class is Sufficiently Numerous*

There is no dispute that in January / February 2018, Defendant Dart enacted a policy of detaining individuals ordered to be released on bond while he assessed whether he agreed with the circuit court judge that they should be placed in his electronic monitoring program. When Defendant Dart disagreed with the bond judge's order, he refused to release individuals on bond, even though their bond had been posted. Defendant Dart improperly detained these individuals for days or weeks. (See Exs. B, C, F, I to Third Amended Complaint, Dkt. # 44.)

Defendants claim that the group of people subjected to the challenged policy is not sufficiently numerous to proceed as a class. Defendants assert that only 15 individuals were detained pursuant to Dart's policy. Defendants fail, however, to direct this Court or the Plaintiffs to any document in the record that supports this assertion. To the contrary, publicly available documents obtained under the Freedom of Information Act indicate that according to the Sheriff's own emails, statements, and charts, at a minimum, 55 people were detained pursuant to Dart's policy. (See Exs. B, C, F, I to Third Amended Complaint, Dkt. # 44.) Another chart

obtained later through FOIA from the Sheriff's office indicates that more than 80 individuals were detained from the policy. (*Id*.)

More importantly, although that initial group of people has now been released, the Sheriff's filings in this case indicate that the Sheriff contends that his policy is lawful and can be applied to any detainee in the future. (Mot. to Dismiss, Dkt. 48.) Thus, the number of people subjected to Defendant Dart's unconstitutional bond-review policy will increase. Plaintiffs filed this lawsuit and the accompanying motion to certify a class and motion for injunctive relief while named Plaintiffs were in custody, and have alleged that the class of individuals implicated in this case is an inherently transitory class. (Order on Mot. to Dismiss, Dkt. 42, p. 4.) After a thorough analysis, this Court agreed that due to the temporary nature of each detention, and given that the Sheriff persists in the position that his policy is lawful, if Plaintiff establishes liability it is clear that "a constant class of persons will suffer unconstitutional pretrial detentions." (*Id*. at p. 4-5.) As such, not only have Plaintiffs amassed compelling evidence that this policy has impacted well over the 40-person threshold, more individuals will be impacted on an ongoing basis. *See, e.g., Barragan v. Evanger's Dog and Cat Food Co*., 259 F.R.D. 330, 333 (N.D.Ill. 2009) (A class "including more than 40 members" generally meets the numerosity standard); *Streeter v. Sheriff of Cook County*, 256 F.R.D. 609, 612 (N.D. Ill. 2012) (same).

### *Common Questions Predominate and The Named Plaintiffs' Claims are Typical*

Defendants next contend that the legal and factual issues concerning the members of the class are not sufficiently common to warrant class certification and that the named Plaintiffs are not sufficiently typical of the class. Defendants' arguments should be rejected.

Rule 23(a)(2) does not require that the cases be identical. It requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This Court has observed that a "common nucleus of operative fact is usually enough to satisfy the commonality requirement." *Rosario v. Livaditis,* 963 F. 2d 1013, 1018 (7th Cir. 1992). Moreover, an injunctive challenge to a government policy that applies generally to all members of the class is a textbook example of a case that satisfies the commonality requirement and warrants class certification. Indeed, this Court has recognized that "[a] class action is … an appropriate vehicle to address what is alleged to be a systemic problem." *Coleman v. County of Kane*, 196 F.R.D. 505, 507 (N.D. Ill. 2000). Where, as here, the named Plaintiffs' injuries arise from a generally applicable practice or policy affecting all members of the class, typicality exists even if there are factual differences in precisely how the policy was applied to each Plaintiff. *Streeter v. Sheriff of Cook County*, 256 F.R.D. 609, 612-13 (N.D. Ill. 2009) (certifying class of detainees strip searched upon entry to Cook County Jail, despite the Sheriff's argument that there were differences in the circumstances of each search "because 'the likelihood of some range of variation in how different groups of … detainees were treated does not undermine the fact that the claims of each class [member] share a common factual basis and legal theory.'"); *Areola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008) (same); *Bullock v. Sheahan*, 225 F.R.D. 227, 230 (N.D. Ill. 2004) (same).

Here, all individuals falling within the class definition have been subject to the same policy and practice within the Cook County Jail. Accordingly, the class members share the same legal issue: whether or not Dart's policy of detaining individuals after bond has been posted is constitutional.

Defendants argue that there is insufficient commonality because it is not clear from the records whether the courts that set bond for the Plaintiffs intended to order the Sheriff or another department such as pre-trial services to carry out the electronic monitoring for the Plaintiffs and therefore the circumstances of the Plaintiffs' bond orders are different. (Def. Response to Class Cert, Dkt. #53.) As was addressed by this Court at length in the ruling on the motion to dismiss, the fact that some orders specifically mention the Sheriff and others do not, or the fact that another body could potentially administer electronic monitoring under the statute in the place of the Sheriff is irrelevant to the constitutional issues at hand.

Moreover, as the Sheriff has admitted in his filings, it is well-known that the Sheriff administers the electronic monitoring that was referenced in all of the orders. The Sheriff himself admits this fact in his motion, and admits that it was understood that the Sheriff was to place these individuals on electronic monitoring and he ultimately did so after this lawsuit was filed. (*Id*. p. 4.)

Regardless, this argument misses the mark. The Sheriff continues to assert that circuit court judges cannot order him to place individuals on electronic monitoring. Even if that is the case, as this court noted in ruling on the motion to dismiss, the continued detention of individuals who otherwise are ordered to be released on bond, and who have satisfied the other conditions of their bond, implicates the constitutional rights of the detainees regardless of whether the sheriff was required to place them on electronic monitoring. (Order on Mot. to Dismiss, Dkt. 42, p. 15-16.) In other words, even accepting as true the sheriff's argument that he does not have to follow an order asking that an individual be placed on electronic monitoring, that does not mean he can detain that individual for days or weeks after their bonds have been posted. (*Id*.)

Further, even if the bond orders are not enforceable as to the portion that indicates the person must be placed on electronic monitoring, and even if somehow the courts that set bond meant that another department, not the sheriff must administer that electronic monitoring, that does not make the bond orders invalid or unenforceable as to the monetary conditions of bond and the Defendant's eligibility for pre-release. (*Id*. at 10-12.) There is no dispute that the circuit court judges had full authority to conduct bond hearings and order pre-trial release and monetary conditions of bond. (*Id*.)

Equally unavailing is the Defendants' second argument that because each plaintiff had a different underlying criminal case and different criminal backgrounds the Plaintiffs claims are not sufficiently common and require a "case by case" analysis of whether the Sheriff's detention of them was reasonable.

In making this argument the Sheriff misstates and misapplies the holding in *Harper v. Sheriff of Cook County*, 581 F.3d 511 (7th Cir. 2009). *Harper* involved an utterly different set of facts where an individual's release was delayed after bond was posted and the issue became whether the delay and the reason for the delay was reasonable under the circumstances. Here, there was no mistake or confusion. Here, Dart enacted an affirmative policy whereby the Plaintiffs were purposely detained and denied release despite being ordered eligible for release by a judge. The underlying factual differences in the criminal charges has no relevance. The issue in this case is whether the Sheriff has legal authority to detain an individual after bond has been ordered by a judge and posted. This legal issues applies equally to class members, all of whom were detained pursuant to Defendant Dart's policy after they were ordered to be released by a judge and their bonds were posted. As such, the claims of the Plaintiffs are typical of the

class as a whole. Accordingly, the named Plaintiffs satisfy Rule 23(a)(3)'s typicality requirement.

***Plaintiffs' Counsel Are Qualified to Represent the Class***

For its final argument, Defendants contend that Plaintiffs' counsel Sara Garber and Adele Nicholas have not established that they are sufficiently qualified to represent the class. Defendants' contentions are again without merit.

Federal Rule of Civil Procedure 23(g) requires that the district court appoint class counsel for any class that is certified. Fed. R. Civ. P. 23(g)(1). The attorneys appointed to serve as class counsel must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The appointed class counsel must be listed in the Court's class certification order. Fed. R. Civ. P. 23(c)(1)(B). The Rule provides four factors for the Court to consider in appointing class counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

The undersigned attorneys satisfy each of the requirements of Fed. R. Civ. P. 23(g)(1). First, Plaintiffs' counsel acted immediately upon learning of this violation, acted quickly to file the lawsuit while individuals were being actively detained by the sheriff, and worked for several months to identify and investigate the claims in this action, including interviewing the named Plaintiffs, interviewing numerous other individuals who have been subjected to the challenged

7

policy, and conducting extensive legal and factual research concerning the class members' claims.

With regard to the second and third factors, the Plaintiffs are represented by experienced civil rights counsel who are well qualified to represent the interests of the members of the class and are prepared to vigorously prosecute this case. Ms. Garber and Ms. Nicholas have successfully litigated numerous *Monell* official policy cases. *See*, *e.g.*, *Koger v. Dart*, 114 F. Supp. 3d 572 (N.D. Ill., 2015) (obtained declaratory judgment holding ban on newspapers in the Cook County Jail unconstitutional); *Pindak v. Dart*, 10 C 6237 (N.D. Ill. 2016) (Pallmeyer, J.) (obtained a permanent injunction ordering the sheriff to properly train deputies concerning First Amendment rights); *Norton v. City of Springfield*, 806 F. 3d 411 (7th Cir. 2015) (obtained an injunction barring the City of Springfield from enforcing its municipal panhandling ordinance); *Kathleen Griffin v. City of Chicago*, 17 C 1931, (N.D.Ill.) (*Monell* pattern and practice case involving the City of Chicago's failure to discipline officers who engage in a repeated pattern of excessive force); *McClennon v. City of Chicago*, 14 C 3233 (N.D. Ill.) (same).

Likewise, Ms. Garber and Ms. Nicholas have represented clients in numerous constitutional cases that involved allegations of improper detentions in correctional facilities. *See*, *Creighton v. Village of Tinley Park*, Case No. 11 C 04372 (N.D. Ill.) (successful challenge to detention of plaintiff over a holiday weekend without a probable cause hearing); *Goudy et al. v. Evans et al.,* 16 C 8676 (successful class action challenge to improper detention of juvenile arrestees); *Murphy v. Madigan,* 16 C 11471 (N.D. Ill.) (pending class action challenge to improper detention of prisoners in IDOC); *Piette v. Hodge*, 14 C 1101 (S.D. Ill.) (successful challenge to deliberate indifference to unlawful detention 66 days past out date).

8

Plaintiffs' counsel are also experienced in class action litigation. *See*, *RCP Publications Inc. v. City of Chicago*, 15 C 11398, Dkt. 52 (N.D. Ill., May 12, 2017) (Kennelly, J.) (certifying class and appointing Ms. Nicholas as class counsel in constitutional challenge to City ordinance); *Murphy v. Madigan,* 16-cv-11471, Dkt. 63 (N.D. Ill., April 6, 2018) (Kendall, J.) (certifying class and appointing Ms. Nicholas class counsel for prisoners detained in the Illinois Department of Corrections beyond their release dates).

Finally, Plaintiffs' counsel have dedicated and will continue to commit substantial resources to the representation of this class.

In sum, Plaintiffs' counsel fully satisfy the criteria for class counsel set forth in Rule 23(g) and Plaintiffs respectfully request that the Court appoint them as such.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that this Court grant the motion for class certification and appoint the undersigned attorneys as Class Counsel.

                                        Respectfully submitted,

                                        /s/ Sara A. Garber
                                        *Counsel for Plaintiff*

Sara A. Garber
Thedford Garber Law
53 West Jackson Blvd., Suite 638
Chicago, Illinois 60604
P: 773-288-9304
E: sara@thedfordgarberlaw.com

Adele D. Nicholas
Law Office of Adele D. Nicholas
5707 West Goodman Street
Chicago, Illinois 60630
P: 847-361-3869
E: adele@civilrightschicago.com

9