IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAPHIA WILLIAMS, GREGORY COOPER, Individually and on behalf of those similarly situated, | |
| Plaintiffs, | Case No. 18 C 1456 |
| v. | Judge Harry D. Leinenweber |
| COOK COUNTY and COOK COUNTY SHERIFF TOM DART, | |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

I.    BACKGROUND

The Plaintiffs in the case are nine African Americans who were arrested on felony criminal charges. The Defendants are the Sheriff of Cook County, Tom Dart, and Cook County (collectively "Sheriff" or "Dart"). Each Plaintiff is alleged to have received a bond hearing in Cook County Circuit Court resulting in release on bond with required participation in the Sheriff's Electronic Monitoring Program ("EM"). However, the Sheriff declined to allow them to participate in the EM program because of his belief that these terms of release were too lenient due to his view of the seriousness of the crimes Plaintiffs were charged with committing. He therefore declined to release them, holding them in the jail for days, and in some cases weeks, without returning them to bond

court. The Plaintiffs have filed a putative class action suit alleging federal constitutional and state law claims.

This Court dismissed most of the case on Darts' Motion, leaving only a Due Process Count which the Plaintiffs subsequently dismissed with prejudice in order to take an appeal. *Williams v. Cook Cty.*, No. 18 C 1456, 2019 WL 952160 (N.D. Ill. Feb. 27, 2019). The Court also denied the Plaintiffs' Motion for Class Certification for lack of typicality. *Id.* The Seventh Circuit reversed, deciding that the Plaintiffs had adequately pled Fourth Amendment pretrial detention claims and state law claims for contempt of court. *Williams v. Dart*, 967 F.3d 625 (7th Cir. 2020), *reh'g denied* (Aug. 21, 2020). The Seventh Circuit further remanded the issue of class certification for reconsideration. *Id.* Plaintiffs have thus refiled their Motion for Class Certification. (Dkt. No. 98.) Defendants object. (Dkt. No. 101.)

The Court previously denied the Plaintiffs' Motion for Class Certification. *Cook Cty.*, 2019 WL 952160 at *8. The Complaint alleged a possible denial of due process rights of the individuals detained by the Sheriff, and the Court found that such claims would be subject to individual assessments based on several factors. Specifically, Sheriff Dart had conducted independent assessments of the pretrial detainees that would require the Court to make independent determinations of whether failure to enroll the detainees in his EM program prolonged detention. Such independent

review would violate Rule 23's typicality requirement. FED. R. CIV. P. 23(a)(3).

The Plaintiffs have not changed their proposed class definition in their current Motion for Class Certification. Plaintiffs define the class to include "all individuals who have been, are currently, and will be detained in the future at the Cook County Jail, even though their bond has been posted pursuant to Defendant Cook County Thomas Dart's policy of detaining individuals to conduct his own review of bond decisions made by Cook County Judges." (Mot. at 1, Dkt. No. 98.) The Seventh Circuit declined to give any opinion on whether a class should be certified as to the claims revived by its opinion. *Dart,* 967 F.3d at 642.

## II. <u>LEGAL STANDARD</u>

We start, of course, with the requirements of Rule 23 of the Federal Rules of Civil Procedure: typicality, commonality, numerosity, and adequacy. FED. R. CIV. P. 23(a). While Defendants contend that Plaintiffs do not satisfy typicality, commonality, and numerosity, Defendants' arguments again focus on typicality. Typicality will exist if a claim "arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and . . . her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Defendants take no position on the adequacy of Plaintiffs' claims for class certification.

## A.  Defendants' Position

Dart bases his main argument against class certification on a lack of typicality. He contends that each Plaintiff's case is different from the others as is demonstrated by a lack of uniformity in the bonds that were issued by the Judges in each individual Plaintiff's case. These differences were not emphasized in the Defendants' opposition to the previous Motion for Class Certification. In fact, only two of the nine bonds were filed with the Court. The Seventh Circuit noted the absence of the bond orders in its opinion, observing that the "bail orders are obviously at the center of all the claims in plaintiffs' complaint." *Dart*, 967 F.3d at 641 n.2. The Defendants have now filed copies of all nine bond orders and related matters. (Exs. 1–9, Resp., Dkt. No. 101-1.)

As pointed out by Defendants, the bonds can be separated into various categories. Four Plaintiffs - Cooper, Johnson, Webster, and McKeever - were issued bond orders on standardized, pre-printed forms. For these Plaintiffs, judges used Form CCG N501 entitled, "Order for Special Conditions of Bond." (*See* Ex. 1, Bond Order for Gregory Cooper, Feb. 16, 2018 (Judge Atcherson); Ex. 2, Bond Order for Marcus Johnson, Feb. 25, 2018 (Judge Navarro); Ex. 3, Bond Order for Xavier Webster, Feb. 28, 2018 (Judge Navarro); Ex. 4, Bond Order for Kevin McKeever, Feb. 23, 2018 (Judge Lyke).) The Form CCG N501 has pre-printed boxes for the judges to check special

- 4 -

conditions including the options that a defendant "[b]e placed in a pretrial bond home supervision capacity with an approved electronic monitoring device" and "GPS monitoring." (*Id.*) Even though these two alternatives were available by placing a check mark, the judges, who used this Form for these four Plaintiffs, did not check these boxes. Instead, the boxes were empty, and the form was stamped with "EM as SCOB." This is the totality of the order given to Dart. While the meaning of "EM" is clear, the record does not disclose the meaning of "SCOB." Dart included in his response brief excerpts from a subsequent bond hearing in which a reviewing judge expressed uncertainty as to the meaning of SCOB. (*See* Mason Tr. 7:20–8:34, Resp., Ex. 5, Dkt. No. 101-1.)

In contrast, Plaintiffs Mason and Williams received a pre-printed, standardized Form CCCR N026 entitled "Electronic Home Monitoring Order." These orders provide for circumstances (or conditions) under which the Sheriff may deny admission to a defendant. Paragraph 6 of CCCR N026 states "If the Defendant cannot be placed on Electronic Home Monitoring for any reason, the Defendant shall be remanded to the court within 72 hours." (Resp. at 7, Dkt. No. 101; *see also* Ex. 6, Bond Order for Taphia Williams, Oct. 31, 2017 (Judge O'Brien).)

The circumstances regarding Plaintiff Atwater's EM order were distinctive because the judge ordering the EM specifically made it subject to Atwater's eligibility for Dart's EM program. (Resp. at

- 5 -

9.) The alternative was posting $10,000 (10% of the $100,000 bond order). (*Id.*) Presumably Atwater could be held in jail under the terms of the bond order if he was ineligible for EM and failed to post the $10,000. Moreover, the judge used what appears to be an idiosyncratic order, *i.e.,* typed rather than a preprinted form.

The EM bond order for Plaintiff Simmons was also different from the others. The judge used form CCCR N707 which apparently is an order form for general use by Cook County Circuit Courts. (Ex. 7, Order to Reduce Bond, Oct. 23, 2017 (J. Brosnahan).) Simmons received a bond order which simply states, "Bond reduced to $50000D and EM." (*Id.*) Subsequently, Simmons brought a motion to have EM removed as a condition since the Sheriff would not admit him to his program. The judge, who ordered EM as a condition of bond, refused to lift that condition when she learned the Sheriff would not admit Simmons to Electric Home Monitoring ("EHM"). (Simmons Tr. 4:9–13, Resp., Ex. 9, Dkt. No. 101-1.) The court's subsquent explanation of her actions at the hearing on Simmons' motion is confusing to say the least. (*See* Ex. 8, Crim. Dispo. Sheet for Reginald Simmons, Mar. 7, 2018 (J. Brosnahan).

## B. Plaintiffs' Position

Plaintiffs replied, arguing that the claims of the class members need not be identical, but the named representatives must "have the same essential characteristics as the claims of the class at large." (Reply at 2, Dkt. No. 106.) Plaintiffs say that all of

the proposed class members "were subjected to Defendants' practice of administratively reviewing bond orders entered by Cook County judges for pretrial release. This practice impacted the proposed class members in the same way – prolonged detention at the county jail." (*Id.*) They respond to the claim that many of the orders are ambiguous on their faces, arguing that the Circuit Court of Cook County is a very high-volume venue and is subject to an "informal culture." (*Id.* at 3.) They state that the Sheriff was not confused as to the intent of the orders when he declined to comply with the judges' direction, *i.e.*, to admit the person to EM in lieu of posting cash bail.

### III.  <u>DISCUSSION</u>

While Plaintiffs are correct that their main complaint against the Sheriff is the same: they were held in jail because the Sheriff refused to place them in his EM program. However, the differences and lack of clarity in the bond orders at issue in the case are sufficient among the nine Plaintiffs to show a lack of typicality. Each of the Plaintiffs' bond orders would have to be examined to determine the intent of the judge and whether the Sheriff was within his rights in denying placement in is EM program.

The Sheriff is an executive officer, and the judges are judicial officers. Thus, the Sheriff is not subject to orders by the courts except as provided by law. *People v. Sales*, 551 N.E.2d

1359, 1361 (Ill. App. Ct. 1990) (Trial Court's order directing the Secretary of State to issue a restrictive driving permit violated separation of powers). As the Seventh Circuit pointed out in its opinion, the Illinois Bail Act authorizes a court to impose conditions on a designated person if that person is willing to accept such responsibility. 725 ILCS 5/110-10(b). Thus, if this is the authority for ordering the Sheriff to admit the committed person to the EM program (and the Plaintiffs do not suggest any other) the Sheriff would be within his rights in refusing to do so, since the statute clearly is subject to the discretion of the individual asked to accept the responsibility.

However, the Seventh Circuit also pointed out that the Cook County State's Attorney advised the Sheriff that, since he had been obeying monitoring orders issued to him as an 'agreeable person' for decades without objection, if his position had changed, it was his responsibility either to follow the courts' orders or seek appropriate relief from the orders. The Seventh Circuit also said that it believed that a state court would have jurisdiction to decide whether the Sheriff was 'an agreeable person' and that Dart could have brought the issue before the courts rather than "silently refuse to comply while holding plaintiffs as pawns in an interbranch policy dispute." *Dart*, 967 F.3d at 642. Nevertheless, the extent to which the Sheriff retained some discretion in accepting a candidate for EM would require a factual determination.

- 8 -

Recent outcries concerning bonding issues show that releasing defendants from custody can have political repercussions for the person responsible for the release. The Sheriff is, after all, an elected official.

The Court finds that there are significant factual questions which would prevent sufficient typicality to meet the requirements of Rule 23. Because the Court finds the proposed class fails to meet the typicality requirements the Court does not determine whether the class would meet commonality, numerosity and adequacy.

## IV.  **CONCLUSION**

For the reasons stated herein, Plaintiffs' Motion for Class Certification is denied.

**IT IS SO ORDERED.**

_____
       Harry D. Leinenweber, Judge
       United States District Court

Dated: 12/14/2021